**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger**

**Civil Action No. 17-cv-02022-MSK-KLM**

**CRAIG S. ROBLEDO-VALDEZ,**

    **Plaintiff,**

v.

**ARAMARK CORRECTIONAL SERVICES, LLC,
JOSHUA LANG,
JUDY MIDDLEWEEK,
MATTHEW,
MIKE FISH, and
SUSAN SWERDFERGER,**

    **Defendants.**

___

**OPINION AND ORDER GRANTING MOTION FOR ATTORNEY FEES**
___

**THIS MATTER** comes before the Court pursuant to Defendant Fish's Motion for Attorney Fees **(# 82)**, Mr. Robledo-Valdez's response **(# 86)**, and Mr. Fish's reply **(# 88)**.

Only a brief summary of the proceedings is necessary. Mr. Robledo-Valdez, an inmate in the Colorado Department of Corrections ("CDOC"), housed in the Jefferson County Jail, brought claims against various defendants alleging that they had tampered with his food or ignored his medically-authorized diet. In an Order **(# 21)** dated May 15, 2018, this Court granted Mr. Fish's motion to dismiss Mr. Robledo-Valdez's claims against him under 42 U.S.C. § 1983 pursuant to Fed. R. Civ. P. 12(b)(6). But the Court construed one of Mr. Robledo-Valdez's claims as asserting a common-law tort claim under Colorado law against Mr. Fish under Colorado law and allowed that claim to proceed. After some exchange of discovery, Mr. Fish filed a motion to dismiss the tort claim under Fed. R. Civ. P. 12(b)(1), arguing that the claim against him sounded

1

in negligence, and was thus barred by operation of the Colorado Governmental Immunity Act ("CGIA") due to Mr. Robledo-Valdez's failure to comply with the CGIA's pre-suit notice requirements. The Court agreed and in an Order **(# 75)** dated October 13, 2020, dismissed Mr. Robldeo-Valdez's tort claim against Mr. Fish for lack of subject-matter jurisdiction.

Mr. Fish now moves for an award of attorney fees pursuant to C.R.S. § 13-17-201, which requires the Court to award attorney fees in cases involving state law claims that are dismissed under the equivalent of Colorado Rule of Civil Procedure 12(b). Mr. Fish requests $8,212.50 in fees, reflecting only the time incurred in defending against Mr. Robledo-Valdez's tort claim after May 15, 2018.

Mr. Robledo-Valdez offers several arguments in response: (i) Mr. Fish was not required to hire and pay attorneys, and could have proceeded *pro se* (as Mr. Robledo-Valdez did); (ii) Mr. Fish did not pay any attorney fees out of his own pocket, but rather, was defended by attorneys retained by his employer, Jefferson County, at no cost to him; and (iii) Mr. Robledo-Valdez is indigent and is already subject to garnishment of 95% of his inmate income due to orders in other actions. Notably, Mr. Robledo-Valdez did not challenge the reasonableness of the hourly rates or hours expended by Mr. Fish's counsel.

Awards of attorney fees under C.R.S. § 13-17-201 are mandatory if the statute's criteria – dismissal of a state-law tort action on C.R.C.P. 12(b) grounds – are met. *Wyles v. Brady*, 822 Fed.Appx 690, 697 (10th Cir. 2020). Moreover, the statute applies even if the vehicle for dismissal is Fed. R. Civ. P. 12(b), instead of the Colorado state equivalent. *Id.* There is no requirement that a movant show that it actually paid the requested fees to its attorney or that it will have any responsibility to pay those fees in the future, and such fees may be awarded even if the movant's fees were paid by a third party. *Infant Swimming Research, Inc. v. Faegre &*

2

*Benson, LLP,* 335 Fed.Appx. 707, 717 (10th Cir. 2009); *see also Wallin v. McCabe*, 293 P.3d 81, 84-85 (Colo.App. 2011).  Mr. Robledo-Valdez cites to no law, and the Court's research has not revealed any, that stands for the proposition that the Court may deny an award of fees under C.R.S. § 13-17-201 on the grounds of the plaintiff's indigence, but even assuming indigence were a valid basis to deny a fee request, the Court would not apply it here.  By his own admission, Mr. Robledo-Valdez's indigence is, in considerable part, attributable to filing fees he owes for commencing various lawsuits.  The Court takes judicial notice of the fact that Mr. Robledo-Valdez is the plaintiff in more than a dozen cases commenced in this Court alone.  Given that C.R.S. § 13-17-201 was intended to discourage unnecessary litigation, allowing frequent litigants to escape its pains simply because they expend large sums on the very same type of litigation that the statute seeks to reduce would be self-defeating.  In any event, Mr. Robledo-Valdez's purported indigence arises from his status as an incarcerated person subject to garnishments of his inmate income.  Should Mr. Robledo-Valdez be released from custody, nothing indicates that he would continue to be unable to pay a fee award imposed in this case.  Thus, the Court finds that Mr. Robledo-Valdez's indigence is not a basis to deny Mr. Fish's request for fees.

As noted, Mr. Robledo-Valdez did not challenge the hourly rated requested by Mr. Fish (ranging from $125 to $140), nor the number of hours (66) claimed by counsel in defending against the tort claim.  Based on the Court's own review of Mr. Fish's billing records, the Court finds both components of the requested award to be reasonable.  Accordingly, the Court grants Mr. Fish's motion.

For the foregoing reasons, Mr. Fish's Motion for Attorney Fees **(# 82)** is **GRANTED**. Consistent with the instructions in C.R.S. § 13-17-201, the Clerk of the Court shall enter

judgment in favor of Mr. Fish and against Mr. Robledo-Valdez in the amount of $8,211.50.

Dated this 19th day of August, 2021.

**BY THE COURT:**

_____

Marcia S. Krieger
Senior United States District Judge

4